UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-20721-CIV-KING/BANDSTRA

EDWARD VIGO FLORIAN,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Verified Motion for Attorney Fees and Costs for Wrongful Removal (D.E. 17) filed on July 19, 2010, and Defendant's Motion to Bifurcate (D.E. 21) filed on August 12, 2010. On August 5, 2010, these motions were referred to United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for a Report and Recommendation. Having carefully reviewed these motions, the response and reply thereto, all supporting documentation, the court file and applicable law, the undersigned recommends that plaintiff's motion be GRANTED IN PART in the amount of $347.76 for costs incurred and that defendant's motion to bifurcate be DENIED AS MOOT for reasons more fully explained below.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in the Eleventh Circuit Court for Miami-Dade, Florida, wherein he asserted claims for unseaworthiness, failure to provide maintenance and cure,

failure to provide prompt, proper and adequate maintenance and cure, failure to pay unearned wages, and failure to pay earned wages and penalties under 46 U.S.C. Section 10313. On March 10, 2010, Carnival removed the case to this Court pursuant to 9 U.S.C. Section 295 and moved to dismiss plaintiff's complaint and to compel arbitration of his claims. It was undisputed that the parties' employment relationship had been at one point governed by a Seafarer's Agreement containing an arbitration provision. Carnival argued that an identical agreement was also in effect during the time plaintiff's injuries occurred. However, Carnival was unable to locate the agreement in effect during the relevant period. Instead, Carnival presented an exemplar agreement and an affidavit attempting to establish its position. On May 25, 2010, the Court denied Carnival's motion to dismiss and granted plaintiff's motion to remand. The Court reserved jurisdiction for the issue of attorney fees and costs. On July 19, 2010, plaintiff filed the instant motion for fees and costs for wrongful removal.

## ANALYSIS

### I. Attorneys' Fees

Plaintiff seeks an award of attorneys' fees in the amount of $11,796.00 under 28 U.S.C. § 1447(c). The threshold issue in deciding this request for fees is whether plaintiff is entitled to an award of attorneys' fees under §1447(c) which provides that attorneys' fees and costs may be awarded to the plaintiff when a case is remanded for improper removal. The standard established by the Supreme Court in deciding whether to award attorney's fees and costs in this context is whether the removing party lacked an objectively

reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704 (2005). When an objectively reasonable basis exists, fees should be denied. *Id.*

In this case, plaintiff has submitted a request for $11,746.00 for attorneys' fees incurred. However, as stated above, decisions of the Supreme Court and lower courts clearly hold that absent unusual circumstances, fees should not be awarded if an objectively reasonable basis existed for the removal. Simply because this Court found removal improper does not establish the requisite standard for the imposition of fee shifting in this case. Here, the undersigned finds that the cases cited by plaintiff are distinguishable and that defendant's position for removal was objectively reasonable. Specifically, Carnival attached a writing reflecting an agreement to arbitrate which had been agreed to between plaintiff and defendant and had been operative between the parties in the most recently expired contract between them. Although defendant was unable to locate the agreement in effect at the time the injuries occurred, it was not disputed that Carnival's protocol during the relevant period was for the execution and renewal of such agreements. Defendant attempted to establish this procedure through its affidavit filed in support of its motion to dismiss.

Moreover, the undersigned finds that it was objectively reasonable for defendant to rely on legal authorities affirming the ability to use secondary evidence to establish the existence of a missing agreement to arbitrate. Therefore, based on the above, the undersigned finds that plaintiff fails to establish the requisite proof that defendant lacked an objectively reasonable basis for seeking removal. Accordingly, the undersigned

recommends that plaintiff's request for attorneys' fees based on wrongful removal be DENIED.

## I. Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The award of costs is largely controlled by statute. Additionally, under 28 U.S.C. § 1920, a court may tax as costs the following:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under Section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services of Section 1828 of this title.

Here, it is undisputed that plaintiff prevailed having obtained a remand of the case. Sherry Manufacturing Co. v. Towel King of Florida, Inc., 822 F.2d 1031 (11th Cir. 1987). Accordingly, plaintiff is entitled to reimbursement of his reasonable costs as authorized by 28 U.S.C. § 1920. In support of his request for $347.76 in costs, plaintiff submits a bill of costs for translation of the February 25, 2007 contract which was an integral and necessary document used in deciding the issues in this case. The taxation of costs associated with the translation of necessary documents is proper under 28 U.S.C. Section 1920. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128 (5th Cir. 1983); *in re*

*P.R. Elec. Power Auth.,* 687 F.2d 501, 509 (1st Cir. 1982). As such, the undersigned recommends that this Court award plaintiff the total sum of $347.76 for reasonable costs incurred in this litigation.

In accordance with the foregoing, it is hereby

**RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees and Costs be GRANTED IN PART in the amount of $347.76 against defendant for costs incurred in this litigation and DENIED in all other respects, and that Defendant's Motion to Bifurcate be DENIED AS MOOT.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. § 636(b)(1)(C); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this 3Q day of September, 2010.

                                                  Ted E. Bandstra
                                                United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All Counsel of Record