UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-20721-CIV-KING/BANDSTRA

EDWARD VIGO FLORIAN,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Renewed Motion for Attorney Fees (D.E. 29) filed on October 4, 2010. On July 19, 2010, plaintiff filed his Verified Motion for Attorney Fees and Costs for Wrongful Removal (D.E. 17). On August 5, 2010, these motions were referred to United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for a Report and Recommendation. On September 3, 2010, the undersigned issued a Report and Recommendation which was reviewed de novo by the Court. On September 22, 2010, after carefully reviewing the objections filed in response to the Report and Recommendation, the District Court modified the decision finding that plaintiff was entitled to an award of attorney's fees in that defendant failed to provide in its Notice of Removal an objectively reasonable basis for filing same since it could not produce or attach the agreement providing for arbitration of the action at the time of filing or thereafter. Contained within the same Order, the District Court referred the

determination of the appropriate amount of attorneys' fees for consideration and recommendation by the undersigned. As such, on October 4, 2010, plaintiff filed his Renewed Motion for Attorney Fees (D.E. 29).

## ANALYSIS

### I. Attorneys' Fees

Plaintiff seeks an award of attorneys' fees in the amount of $11,796.00 under 28 U.S.C. § 1447(c). In response to defendant's objection to two time entries, plaintiff, in his reply, agreed to strike the two entries totaling $850.00 dollars from the original amount requested. Thus, the modified amount sought by plaintiff is $10,946.00. Plaintiff is entitled to an award of attorneys' fees under §1447(c) which provides that attorneys' fees and costs may be awarded to the plaintiff when a case is remanded for improper removal.

. In order to determine a reasonable and proper fee, the Court must ordinarily consider the number of attorney hours expended on the case together with the customary fee charged in this community for similar legal services. See Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of demonstrating the reasonableness of the hours claimed and the requested hourly rate. Id. at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)). Having carefully reviewed the billing statement submitted, the undersigned finds that the hourly rates requested of $300.00 for Mr. Brais' work, $250.00 for Mr. Rusak's work and $90.00 for Ms. Vargas' work are all reasonable in light of the rates commonly charged in the community for similar work. Reviewing the time sheets, the undersigned has only deducted $425.00 (entry 31341 and 31751) due to duplication of efforts by the two

attorneys handling the file. As such, the undersigned recommends that plaintiff be awarded $10,521.00 in reasonable attorneys' fees associated with the improper removal of this action.

In accordance with the foregoing, it is hereby

**RECOMMENDED** that Plaintiff's Renewed Motion for Attorney Fees (D.E. 29) be GRANTED IN PART in the amount of $10,521.00.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. § 636(b)(1)(C); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this 9th day of November, 2010.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All Counsel of Record